69 So.3d 543 (2011)
Charles P. SMITH, Plaintiff-Appellant
v.
CADDO PARISH SCHOOL BOARD, Defendant-Appellee.
No. 46,268-CA.
Court of Appeal of Louisiana, Second Circuit.
May 18, 2011.
Weems, Schimpf, Gilsoul, Haines, Landry & Carmouche (APLC), Shreveport, LA, by Brian D. Landry, for Appellant.
Fred H. Sutherland, for Appellee.
Before STEWART, DREW and MOORE, JJ.
DREW, J.
Charles P. Smith, a tenured teacher, appeals the district court's affirmation of his dismissal by the Caddo Parish School Board (CPSB), following a tenure hearing conducted under La. R.S. 17:443.
The issue in this appeal is whether the CPSB violated Smith's right in refusing to grant a continuance of his scheduled tenure hearing.[1]
The hearing was conducted without Smith's presence on October 8, 2007. Smith's counsel was present at all times during the proceedings.
After a full judicial hearing, the trial court affirmed the CPSB ruling.
This appeal followed. We now affirm.

Reasons for Judgment
After hearing testimony, receiving evidence and reviewing the record, the trial court found that under the circumstances created by Smith, there was no violation of his procedural and substantive due process rights. The trial court dismissed Smith's suit, affirming his termination. We adopt in toto the trial court's Reasons for Judgment, attached hereto as an appendix.
Of crucial importance, we note that Smith's counsel:
 was present during the entirety of the CPSB hearing;
*544  stipulated that CPSB had complied with La. R.S. 17:443;[2]
 cross-examined no witnesses;
 declined the opportunity to present witnesses on Smith's behalf;
 declined to get the continuance by her client going on unpaid leave;[3]
 approved and consented to the release of all witnesses;
 had an opportunity to examine evidence and interpose objections;
 made no contemporaneous objections;
 did not request[4] to hold open the record for her client's testimony; and
 did not request that the record be reopened for her client's testimony.
The trial court concluded that the CPSB was entirely reasonable in:
 finding Smith not to be in good faith in seeking the continuance;
 concluding that good grounds for a continuance did not exist;
 denying Smith's request for a continuance; and
 neither holding open nor reopening the record.
Ruling that all formalities were met and no insufficiency issues shown, the trial court affirmed the decision of the CPSB.

Arguments of Charles P. Smith
Smith asks this court to reverse the judgment below for these reasons:
 Dr. Robinson treated him for headaches and dizziness in 2001;
 he had other head and ear medical problems,[5] including his complaints just prior to the tenure hearing;
 the school board erred as a matter of law in conducting a tenure hearing without the tenured teacher being present;
 our constitution defends continued employment for tenured teachers;
 the La. Teachers' Tenure Act protects the job security of teachers and should be liberally construed in favor of tenured teachers;
 tenured teachers are entitled to strict substantive and procedural protections before they can be removed from their jobs, including a school board hearing and judicial review of a school board's action;
 La. R.S. 17:443(A) grants teachers the right to appear before the board[6] at such a hearing, along with witnesses and a lawyer; and
 judicial review is limited to a determination of the school board's compliance with procedural requirements during the proceedings and whether the board's *545 findings are supported by substantial evidence.
Smith cites Richard v. Lafayette Parish School Board, 2008-73 (La.App. 3d Cir.5/21/08), 984 So.2d 218, where a terminated teacher was reinstated because the charging letter failed to include a list of witnesses, a mandatory requirement. Note our emphasis.
He further cites Leban v. Orleans Parish School Board, 07-0571 (La.App. 4th Cir.11/21/07), 972 So.2d 376, in which a tenured teacher was discharged for willful neglect of duty and immorality involving sexual harassment which occurred seven years prior to the hearing. The court found that the trial was fundamentally unfair because the delay, the loss of evidence, and the faulty investigation all combined to seriously impede the defendant's ability to defend himself. Note our emphasis.
These cases are factually and legally inapplicable to this dispute.
Smith contends the school board violated his right to appear with witnesses, who should have been heard by the board. He maintains he presented an impartial witness at the judicial hearing along with medical evidence of his inability to appear at the tenure hearing. He also objects to the CPSB not leaving the record open for him to present a defense later.

Response by the Caddo Parish School Board
The CPSB responds that:
 neither the school board nor the district court erred, since the school board complied with all requirements of the tenure law;
 Smith abused the process by refusing to attend the tenure hearing;
 Smith had a court hearing, at which he could have had an opportunity to present evidence and witnesses of his choosing;
 Smith was attempting to manipulate the tenure process in order to continue receiving financial benefits while not working;[7]
 he chose to present no evidence of a legitimate medical problem;
 Dr. Robinson admitted writing the excuse at the patient's request;
 at that time, the physician saw no evidence of nausea or dizziness;
 no medical reason precluded Smith's attendance at the hearing;
 Smith's counsel agreed that the CPSB complied with the tenure law;
 the CPSB did not abuse its discretion in refusing a continuance;
 the record provides substantial evidence upon which to justify the school board's decision to dismiss Smith;
 Smith was less than candid with Dr. Robinson about his work status;[8]
 the trial court's judgment is entitled to great deference;
 Smith's counsel was present for the tenure hearing and made no request to hold the hearing open for any additional testimony;
 Smith's counsel did not utilize the opportunity to cross-examine witnesses;
 Smith's counsel presented no evidence;
 no witness was excused without counsel's consent; and
 Smith's counsel had an opportunity to object to any evidentiary filings.

*546 Our Analysis

If there is a smoking gun here, it is that Smith's scrambling for a continuance was predicated upon totally different reasons, in the few days before the scheduled hearing. First he contacted attorney Reggie Abrams on a Thursday, requesting a continuance because (1) he needed to go through the grievance process, and (2) his wife was sick. This didn't work.
The next day, he told Dr. Robinson of his recent symptoms, though he had no ill effects when with the physician. Nonetheless, he asked for and got a medical excuse for one work day, which was the following Monday, the scheduled date of the hearing.[9] Strangely, he was not working at the time, having been suspended with pay, pending the tenure hearing. Thus, there was no reason for an excuse from work.
Our appreciation of the evidence is that Smith voluntarily refused to appear at the tenure hearing and deliberately declined to question witnesses or present any evidence. His strategy backfired. There is no showing of prejudice. All statutory requirements were meticulously followed. The findings of the CPSB and the trial court are eminently reasonable.
Accordingly, we affirm in all respects, with costs assessed to Smith.

DECREE
At the cost of appellant, Charles P. Smith, the judgment is AFFIRMED.

APPENDIX
*547 
*548 
*549 
*550 
*551 
*552 
*553 
*554 
*555 
NOTES
[1] In short, the board's refusal to grant a continuance was apparently based upon its conclusion that Smith's alleged adverse medical condition was a ruse, proffered merely to drag out the proceedings, enabling him to continue collecting his pay.
[2] This strategy was certainly a gamble. It effectively waived any subsequent objections or complaints relative to any alleged violations of LA. R.S. 17:443(A). Counsel knew her client had received notice of the charges and evidence to be presented.
[3] Had Smith prevailed at a later CPSB hearing, he would have gotten his back pay.
[4] Neither during nor after the hearings.
[5] His ex-wife testified at the judicial hearing that Smith's 2003 surgery did not solve his health problems and that he periodically had dizziness and nausea, especially if he had sinus problems or a head cold. She alleged that the week before the tenure hearing, Smith had a head cold, for which she drove him to the doctor, since he was unable to drive. She further testified that on the evening before the tenure hearing, Smith's physical condition worsened, so she delivered the doctor's excuse note to his counsel. When the CPSB requested more information, she secured the second note from Dr. Robinson's office. It was not signed by the physician.
[6] We note with much interest that Smith did testify at the judicial hearing.
[7] Smith had been on paid leave for an extended time period during the pending tenure proceedings.
[8] Smith requested a slip saying he could return to work on October 9, 2007, even though he was actually on paid leave, pending the decision of the CPSB.
[9] The tenure hearing was scheduled for, and conducted upon Monday, October 8, 2007. The doctor's excuse was signed on Friday, October 5, 2007. Its issuance was predicated on Smith's subjective complaints. It released him to go back to work on Tuesday, October 9, 2007.